The Honorable Larry K. Cook Prosecuting Attorney Seventeenth West Judicial District P.O. Box 423 Lonoke, AR 72086
Dear Mr. Cook:
This is in response to your request for an opinion regarding, as stated in your correspondence, "the way Lonoke County supplies meals to its prisoners. . . ." You state that pursuant to an ordinance dated April 12, 1978, the Lonoke County Quorum Court pays the elected sheriff $3.50 each day to provide meals for the prisoners held in the Lonoke County jail. A question has apparently arisen concerning whether providing meals for the prisoners falls within the laws requiring public bidding.
You have also asked whether the ordinance in question complies with A.C.A. § 14-14-1202(c)(2)(A), which governs the rules of conduct for county officers and employees.
The ordinance, which is designated "Ordinance #20," directs the sheriff to "take care and custody of all prisoners committed to him," and states that he "shall be paid the sum of $3.50 dollars per day or part thereof that he shall keep each prisoner." It states further that the committing authority "shall be responsible for the payment of each day's compensation to be paid to the sheriff."
It must be initially noted that this office is not in a position to construe or interpret the terms of a local ordinance. In this instance, consideration must be given to the precise nature of the services contemplated or provided under the ordinance. Although the ordinance does not expressly state that the sheriff is to provide meals for the prisoners in return for the payment established therein, you have stated your understanding to this effect. This opinion is therefore premised upon that understanding.
Assuming, therefore, that the sheriff is in fact paid pursuant to the ordinance to provide meals for prisoners, it is my opinion that the public bidding requirements must in all likelihood be complied with where payment exceeds $5,000.00. Arkansas Code Annotated § 14-22-104(1) (1987) requires the county to make purchases of "commodities" by public bid where the estimated purchase price equals or exceeds $5,000.00. The term "commodities" is defined as "all supplies, goods, material, equipment, machinery, facilities, personal property, and services other than personal services, purchased for or on behalf of the county." A.C.A. § 14-22-101(2) (1987). It is my opinion that the exception for "personal services" is in all likelihood inapplicable in this instance. While we do not have the benefit of an Arkansas case directly on point, this office has previously noted that according to general authority in this area, the term "personal services" contemplates services involving special skill, training, or expert knowledge, such as are required of an attorney, real estate appraiser, engineer or architect. See
Ops. Att'y Gen. 85-188 and 93-412. Applying that test, I believe it is unlikely that providing meals for prisoners would qualify for the exemption.[1]
With regard to the ordinance's compliance with A.C.A. §14-14-1202(c)(2)(A), the quorum court may, pursuant to this Code provision, permit the county to purchase goods or services directly or indirectly from county officers under "unusual circumstances." The unusual circumstances must, however, be "specifically define[d]" by ordinance. Id. The ordinance submitted with your request would not appear to satisfy this requirement. I have not been provided any information regarding the existence of any other ordinance in this regard.
In closing, it should be noted that if the sheriff is in fact selling any goods or services having a total annual value in excess of $1,000.00 to the county, then he is required under A.C.A. § 21-8-701(d)(10) (Cum. Supp. 1993) to "set out in detail the goods or services sold, the governmental body to which they were sold, and the compensation paid for each category of goods or services sold."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] It should perhaps be noted in this regard that the county purchasing official is specifically authorized under A.C.A. §14-22-115 (1987) to seek legal counsel for advice and aid in connection with the purchasing laws.